**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**THOMAS S.,**[1]                                          **6:19-cv-1808-BR**

       **Plaintiff,**                                 **OPINION AND ORDER**

**v.**

**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION,**

       **Defendant.**

**TIM D. WILBORN**
P.O. Box 370578
Las Vegas, NV 89137
(702) 240-0184

       Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**BENJAMIN J. GROEBNER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2494

       Attorneys for Defendant


**BROWN, Senior Judge.**

    Plaintiff Thomas S. seeks judicial review of a final

decision of the Commissioner of the Social Security

Administration (SSA) in which he denied Plaintiff's application

for Disability Insurance Benefits (DIB) under Title II of the

Social Security Act.  This Court has jurisdiction to review the

Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the decision

of the Commissioner and **REMANDS** this matter pursuant to sentence

four of 42 U.S.C. § 405(g) for the immediate calculation and

award of benefits.


### ADMINISTRATIVE HISTORY

    Plaintiff filed an application for DIB on August 11, 2016,

alleging a disability onset date of August 2, 2016.  Tr. 138-39.[1]

The application was denied initially and on reconsideration.  An

--------------------------------

    [1] Citations to the official transcript of record filed by
the Commissioner on March 18, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

Administrative Law Judge (ALJ) held a hearing on October 15, 2018.  Tr. 27-47.  Plaintiff was represented at the hearing. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on November 27, 2018, in which she found Plaintiff was not disabled, and, therefore, Plaintiff is not entitled to benefits.  Tr. 15-22.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on September 25, 2019, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on June 6, 1960, and was 58 years old at the time of the hearing.  Tr. 138.  Plaintiff completed high school and one year of college.  Tr. 32.  Plaintiff has past relevant work experience as a police officer; detective; and "sales rep[resentative], boats and marine supplies."  Tr. 40.

Plaintiff alleges disability due to "post C4-6 cervical fusion and discectomy," "post bilateral rotator cuff repair," "arthritis C7 with numbness in hands," depression, and "chronic headaches."  Tr. 163.

Except when noted Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

medical evidence.  *See* Tr. 20-21.

## <u>STANDARDS</u>

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of

evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner

5 - OPINION AND ORDER

determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete

6 - OPINION AND ORDER

incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885
F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also*
*Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.*
*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff did not engage in
substantial gainful activity after his August 2, 2016, alleged
onset date.  Tr. 17.

7 - OPINION AND ORDER

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine, bilateral median neuropathy, "bilateral carpal tunnel syndrome (status post release surgery of right)," "collapse fracture at Ll of lumbar spine," and recurrent left-shoulder rotator-cuff tear.  Tr. 17-18.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 18.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] is limited to no more than occasional climbing of ramps or stairs and no climbing of ladders, ropes, or scaffolds.  [Plaintiff] is limited to occasional stooping, kneeling, crouching, and crawling.  He is limited to occasional bilateral overhead reach and frequent bilateral reach in other directions.  [Plaintiff] is limited to frequent bilateral handling and fingering.  [Plaintiff] must avoid concentrated exposure to workplace hazards such as unprotected heights and moving machinery.

Tr. 18.

At Step Four the ALJ found Plaintiff can perform his past relevant work as "a sales representative, boats and marine supplies."  Tr. 22.  Accordingly, the ALJ concluded Plaintiff is not disabled.

8 - OPINION AND ORDER

**DISCUSSION**

Plaintiff contends the ALJ erred when she (1) improperly classified Plaintiff's past relevant work at Step Four; (2) partially rejected Plaintiff's testimony; (3) partially rejected the lay-witness statement of Plaintiff's wife, Stephanie S.; (4) partially rejected the opinion of Yaw Sarpong, M.D., treating physician; and (5) posed an incomplete hypothetical to the VE.[2]

**I.    The ALJ erred at Step Four when she classified Plaintiff's past relevant work as sales representative, boat and marine supplies.**

Plaintiff alleges the ALJ erred at Step Four when she classified Plaintiff's past relevant work as "sales representative, boats and marine supplies."

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

At the hearing the ALJ asked the VE to "summarize [Plaintiff's] vocational background."  Tr. 39.  The VE testified Plaintiff's past relevant work included police officer, detective, and "sales rep, boats and marine supplies."  Tr. 40.

_____

[2] Because the Court concludes the ALJ erred at Step Four when she improperly classified Plaintiff's past relevant work as sales representative, boat and marine supplies, and, as a result, this case is remanded for the immediate award of benefits and the Court does not address Plaintiff's other allegations of error.

9 - OPINION AND ORDER

The VE stated he "believe[d] the best DOT for [the job of sales representative, boats and marine supplies] is 273.357-018 . . . skilled, SVP 5, light per DOT, performed both heavy and medium." Tr. 40.  In her decision the ALJ relied on the VE's testimony and concluded Plaintiff could perform his past relevant work that the ALJ classified as "sales representative, boats and marine supplies] DOT # 273.356-018, SVP 5, light (performed at medium and heavy per the [VE's] testimony)."  Tr. 22.

Plaintiff asserts the ALJ erred at Step Four when she classified Plaintiff's past relevant work as sales representative, boats and marine supplies because that job encompasses only half of Plaintiff's work duties and "does not capture the half of his duties involving warehouse work," which was much more physically demanding.  Pl.'s Brief at 10. Plaintiff contends his work with boat and marine supplies was, in fact, a composite[3] of the jobs of sales representative, boats and marine supplies and warehouse worker.

The *Dictionary of Occupational Titles* (DOT) describes the job of sales representative, boats and marine supplies as follows:

> Sells boats and marine equipment and supplies, such as fixtures, pumps, instruments, cordage,

---

[3] A composite job is one that "has significant elements of two or more occupations and therefore has no counterpart in the DOT."  *Albritten v. Berryhill*, No. CV 17-0925-JPR, 2018 WL 3032860, at *4 (C.D. Cal. June 14, 2018).

paints, and motor parts:  Shows boat on sales
floor or shows catalog pictures and blueprints.
Explains construction and performance of boat and
differences between various types of marine
equipment.  Advises boat owners on selection of
new equipment and problems pertaining to repairs.
Performs other duties as described under SALES
REPRESENTATIVE (retail trade; wholesale tr.)
Master Title.  May demonstrate boat in water.  May
arrange for delivery, registration, and inspection
of boat.  May sell water-sports equipment, such as
water skis and scuba gear.  May sell marine
equipment and supplies, except boats, and be
designated Sales Representative, Marine Supplies
(retail trade; wholesale tr.).

DOT # 273.357-018.  The VE testified sales representative, boats

and marine supplies is a light-level job as generally performed

and medium-to-heavy level as actually performed.  The DOT

describes the job of warehouse worker as a medium-exertional

level job that includes the following:

Performs any combination of following tasks to
receive, store, and distribute material, tools,
equipment, and products within establishments:
Reads production schedule, customer order, work
order, shipping order, or requisition to determine
items to be moved, gathered, or distributed.
Conveys materials and items from receiving or
production areas to storage or to other designated
areas by hand, hand truck, or electric hand truck.
Sorts and places materials or items on racks,
shelves, or in bins according to predetermined
sequence, such as size, type, style, color, or
product code.  Sorts and stores perishable goods
in refrigerated rooms.  Fills requisitions, work
orders, or requests for materials, tools, or other
stock items and distributes items to production
workers or assembly line.  Assembles customer
orders from stock and places orders on pallets or
shelves, or conveys orders to packing station or
shipping department.  Marks materials with
identifying information, using stencil, crayon, or
other marking device.  Opens bales, crates, and

11 - OPINION AND ORDER

other containers, using hand tools.  Records
amounts of materials or items received or
distributed.  Weighs or counts items for
distribution within plant to ensure conformance to

company standards.  Arranges stock parts in
specified sequence for assembly by other workers.

DOT # 922.687-058.

According to Plaintiff, when the ALJ found at Step Four that
Plaintiff's past relevant work was that of a sales
representative, the ALJ effectively found Plaintiff could perform
only the "least demanding aspect of his past job," which is
impermissible when evaluating a composite job.

"At step four, a claimant has the burden to prove that he
cannot perform his past relevant work 'either as actually
performed or as generally performed in the national economy.'"
*Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016)(quoting *Lewis
v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)).  When
evaluating a claimant's ability to perform past relevant work,
"ALJs may use either the 'actually performed test' or the
'generally performed test.'"  *Stacy*, 825 F.3d at 569 (quoting SSR
82-61, 1982 WL 31387 (1982)).

When "defining a claimant's past relevant work as actually
performed, the ALJ may use 'a properly completed vocational
report' and 'the claimant's own testimony.'"  *Albritten v.
Berryhill*, No. CV 17-0925-JPR, 2018 WL 3032860, at *3 (C.D. Cal.
June 14, 2018)(quoting *Pinto v. Massanari*, 249 F.3d 840, 845 (9th

Cir. 2001)).  "To ascertain the requirements of occupations as
generally performed in the national economy, the ALJ may rely on
VE testimony or information from the DOT."  *Albritten*, 2018 WL
3032860, at *3 (citations omitted).

SSR 82-61 explains the "generally performed test" as
follows:

> A former job performed by the claimant may have
> involved functional demands and job duties
> significantly in excess of those generally
> required for the job by other employers throughout
> the national economy.  Under this test, if the
> claimant cannot perform the excessive functional
> demands and/or job duties actually required in the
> former job but can perform the functional demands
> and job duties as generally required by employers
> throughout the economy, the claimant should be
> found to be "not disabled."

"Thus, the 'generally performed test' is designed for situations
[in which] a claimant's past job was especially demanding when
compared with industry standards."  *Stacy,* 825 F.3d at 569
(citing *Jack v. Colvin*, No. CV 14-08464 RAO, 2015 WL 5567748
(C.D. Cal. Sept. 22, 2015)(past work was properly categorized as
"athletic director" at a sedentary level of exertion even though
the claimant actually performed the job at a heavy level of
exertion)).

"Regardless [whether the ALJ applies the 'generally
performed test' or the 'actually performed test'] at step 4, the
ALJ may not classify a past occupation 'according to the least
demanding function.'"  *Stacy*, 825 F.3d at 569 (quoting *Carmickle*

*v. Comm'r, SSA*, 533 F.3d 1155, 1166 (9th Cir. 2008), and *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985)).  For example, in *Carmickle* the plaintiff's past relevant work was as a construction supervisor, but "only 20 percent of [his] duties . . . involved supervision; the remainder of his time was spent performing manual labor." *Stacy*, 825 F.3d at 569 (citing *Carmickle*, 533 F.3d at 1166).  The Ninth Circuit held the ALJ erred when he "categoriz[ed] the [plaintiff's] job as 'a purely supervisory position.'"  *Id.* (quoting *Carmickle*, 533 F.3d at 1166).  Similarly, in *Valencia* the Ninth Circuit concluded the ALJ erred when he classified the plaintiff's past work as a "tomato sorter," which "involv[ed] only light exertion because the [plaintiff] was actually an 'agricultural laborer' who mostly performed other, medium exertion tasks." *Stacy*, 825 F.3d at 569-70 (quoting *Valencia*, 751 F.2d at 1086).  In *Vertigan v. Halter,* 260 F.3d 1044, 1051 (9th Cir. 2001)*,* the Ninth Circuit concluded the ALJ erred when he categorized the plaintiff's "past work as a cashier when she was actually a pharmacy clerk and cashier work was only 'a small part of her job.'"  *Stacy* 825 F.3d at 570.

The Ninth Circuit noted in *Stacy* that "[r]econciling the 'generally performed' test with the *Valencia* line of cases is difficult but not impossible."  825 F.3d at 570.  Ultimately the Ninth Circuit concluded in *Stacy* that "*Valencia* and its progeny do not apply in cases . . . [when] (1) the 'least demanding

function' is a task that the claimant actually performed most of
the time; and (2) the DOT defines the claimant's past job as
requiring only that least demanding function." *Id.* "Thus, an
ALJ errs at step four by (1) classifying a past composite job
according to its least demanding function [when] that function
was performed less than half of the time, and (2) determining
that a claimant is able to perform past relevant work because
[he] is capable of that isolated function." *Murray v. Comm'r of
Soc. Sec. Admin.*, No. CV-17-01802-PHX-DGC, 2018 WL 2002227, at *2
(D. Ariz. Apr. 30, 2018)(citations omitted).

Plaintiff noted in his Work History Report that he
frequently lifted 50 pounds or more in his job as a sales
representative; walked five hours; stood two hours; wrote, typed,
or handled small objects [for] two hours; and spent 30 minutes
climbing, reaching, kneeling, crouching, crawling, and handling
large objects.  Tr. 189.  Plaintiff stated he also assisted
customers with purchases, ran the cash register, stocked shelves,
assisted with the check-in of freight items, swept and mopped
floors, emptied trash, and cleaned bathrooms.  At the hearing
Plaintiff testified he helped customers on the sales floor in his
sales representative job, stocked shelves, and "moved freight
. . . for shipping."  Tr. 37.  Plaintiff stated his job involved
heavy lifting as well as a great deal of running up and down the
stairs:

15 - OPINION AND ORDER

> They have a mezzanine warehouse there with no
> elevator.  And, you're required to go up and down
> the stairs without items constantly, all day long,
> and then still stock shelves.  And, you're lifting
> freight items, helping bring stuff into the store
> to put on the shelves. . . .  [Y]ou're up
> constantly on the go. . . .  There's very, very
> few breaks during the day and you're just in
> constant motion.  You're helping customers on the
> sales floor or stocking shelves or moving freight
> either up stairs or back down stairs for stocking
> items for shipping.

Tr. 36-37.  Plaintiff testified he worked in the warehouse

"approximately 50 percent of the time."  As to Plaintiff's sales

representative job, the VE testified:  "I believe the best DOT

for that is 273.357-018, . . . skilled, SVP 5, light per DOT,

performed both heavy and medium."  Tr. 40.  As noted, the ALJ

concluded Plaintiff could do his past relevant work of sales

representative as that job is generally performed in the national

economy.

The Court finds the reasoning in *Valencia* and its progeny

together with the Ninth Circuit's reasoning in *Stacy* apply here

because the record does not reflect "the least demanding

function" of Plaintiff's past relevant work (*i.e.*, sales

representative) was a task that Plaintiff "actually performed

most of the time."  Here the ALJ concluded Plaintiff could

perform his past relevant work based on the least demanding task,

but the record reflects Plaintiff performed the least demanding

task no more than 50 percent of the time.  The Court, therefore,

concludes the ALJ erred at Step Four when she classified

16 - OPINION AND ORDER

Plaintiff's past relevant work as sales representative, boat and
marine supplies as that job is generally performed in the
economy.

The Court also concludes the ALJ's error was not harmless.
The ALJ found Plaintiff could perform a reduced level of light
work, but the VE testified the job of sales representative, boat
and marine supplies as Plaintiff performed it was medium
and/or heavy work.  Plaintiff, therefore, could not perform his
past relevant work as sales representative, boat and marine
supplies.  The ALJ also found Plaintiff could not perform his
other past work as a police officer.  In addition, the ALJ
did not make any findings at Step Five and, therefore, did not
identify any other work that Plaintiff could do nor find
Plaintiff had any transferable skills.  *See, e.g., Tommasetti*,
533 F.3d at 1042 ("Although the ALJ's step four determination
constitutes error, it is harmless error in light of the ALJ's
alternative finding at step five."); *Lamb v. Colvin*, No. 1:13-cv-
00137 GSA, 2014 WL 3894919, at *6 (E.D. Cal. Aug. 4, 2014)("[H]ad
the ALJ proceeded to step five of the sequential disability
analysis, the Court possibly could have found the step-four error
to be harmless.").

**II.  Remand**

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely

utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172,
1179 (9th Cir. 2000). When "the record has been fully developed
and further administrative proceedings would serve no useful
purpose, the district court should remand for an immediate award
of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.
2004). The decision whether to remand this case for further
proceedings or for the payment of benefits is a decision within
the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings. *Id.* at 1179. The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed." *Harman*, 211 F.3d at 1178. The
Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting . . .
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a
single question: Whether the ALJ would have to award benefits if

18 - OPINION AND ORDER

the case were remanded for further proceedings.  *Id.* at 1178 n.2.

The Court has already concluded the ALJ erred when she found Plaintiff could perform his past relevant work as sales representative, boat and marine supplies as that job is generally performed in the economy.  The ALJ did not proceed to Step Five and, therefore, did not identify any other work that Plaintiff could do nor find Plaintiff had any transferable skills.  The record reflects Plaintiff was 56 years old on his alleged onset date, and, therefore, he was a person of "advanced age."  20 C.F.R. §§ 404.1563(e), 416.963(e).  As noted, Plaintiff has a high-school education, and the ALJ found Plaintiff could only perform a reduced range of light work.  Under similar circumstances the Ninth Circuit and district courts in the Ninth Circuit have held plaintiffs are disabled based on 20 C.F.R. § 404, Subpart P, Appendix 2, Rule 202.06.  *See, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1229 (9th Cir. 2009) ("The issue of transferability of skills is dispositive, as Bray is now 58 years old, and thus should be considered in the 'advanced age' category.  According to the grids, a 58-year-old with Bray's limitations who lacks transferable skills qualifies as disabled."); *Barnes v. Berryhill*, 895 F.3d 702, 706-07 (9th Cir. 2018)(The court contrasted the facts in *Barnes* with those in *Bray* in which the claimant "was a few weeks shy of 55 at the time of her ALJ hearing, had a high school education, and had past

relevant work that was skilled or semiskilled.  Her RFC limited
her to light work with additional restrictions.  Grid rule 202.06
states that a person of 'advanced age' who has a high school
education and skilled or semi-skilled work experience but no
transferable skills is disabled."  The *Barnes* court concluded
"the court properly found in *Bray* that the plaintiff was
disabled."); *Kevin M. v. Comm'r of Soc. Sec.*, No. C19-993-MLP,
2020 WL 747850, at *3 (W.D. Wash. Feb. 14, 2020)(the court
remanded for an immediate award of benefits on the ground that
the "grid under medical vocational rule 202.06 . . . appl[ied]"
and the plaintiff was disabled because he "could not do past
relevant work, he has no transferable skills from the collections
clerk job," and he was of advanced age).  Based on these cases,
the Court concludes Plaintiff is disabled and that this matter,
therefore, should not be remanded for further proceedings.  *See
Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000).  *See also
Reddick*, 157 F.3d at 729 ("We do not remand this case for further
proceedings because it is clear from the administrative record
that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876
F.2d 759, 763 (9th Cir. 1989)(judgment for the claimant is
appropriate when remand for further proceedings would only delay
the receipt of benefits).

     Accordingly, the Court remands this matter for the immediate
calculation and award of benefits to Plaintiff.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 2nd day of October, 2020.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge